# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-22-TLS |
| | ) | |
| JAMES THOMAS | ) | |

## SENTENCING OPINION

The Defendant, James Thomas, pled guilty to a drug offense in violation of 21 U.S.C. § 841(a)(1), and is awaiting sentence. The statutory range of imprisonment for the Defendant's offense is 10 years to life. The probation officer prepared a written Presentence Investigation Report (PSR), which calculated a United States Sentencing Guideline range of 292 to 365 months of imprisonment for the Defendant's offense, based on the Defendant's total offense level of 35 and criminal history category of VI. The criminal history category is impacted by the fact that the Defendant is considered a career offender. In a Sentencing Memorandum [ECF No. 430], the Defendant acknowledges that the career offender status is correctly applied, but requests that the Court sentence him below the guideline provision calculated in the PSR on grounds that the his total offense level "overemphasizes the Defendant's criminal history resulting in a much harsher guideline recommendation than is appropriate," and requests a downward departure pursuant to U.S.S.G. § 4A1.3(b)." (Def.'s Sentencing Mem. 2.) The Government disagrees that the Defendant is deserving of a sentencing variance, and argues that he has "chosen to deal drugs on an ongoing and recidivist basis since 1985, which is precisely the sort of longstanding criminal conduct deserving of the status and criminal history category of a career offender." (Gov't Sentencing Mem. 1, ECF No. 435.) As a second basis for a below-Guideline sentence, the Defendant cites to his physical condition and age. The Government

counters that the Defendant's age and health did not deter his armed drug trafficking activity, and thus it should not impact his sentence.

On March 17, 2015, the Court conducted a telephonic status conference with parties' counsel. The Defendant's counsel indicated that he was still pursuing a variance from the Guideline range, but was not presenting additional evidence or argument. The Government likewise stated that it was relying on its written submission. The Defendant has filed a Motion to Withdraw Remaining Objections Noted In Addendum to Presentence Investigation Report [ECF No. 442].

## ANALYSIS

Section 4A1.3(b)(1) permits a one-category reduction in a defendant's criminal history if "the criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Departures are warranted only for defendants who have "steered clear of crime for a substantial period of time and whose prior offenses were relatively minor," *United States v. Bradford*, 78 F.3d 1216,1223–24 (7th Cir. 1996); *see* U.S.S.G. § 4A1.3 cmt. n.3. The Court does not find that this characterization describes the Defendant's history. He has continued to engage in serious drug trafficking offenses.

However, like the rest of the sentencing guidelines, the guidelines provision allowing a court to grant a below-guidelines sentence when the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes is merely advisory; while a sentencing court has the

2

authority to sentence outside the guidelines upon consideration of § 4A1.3(b)(1), it is not required to do so. *See United States v. Marin-Castano*, 688 F.3d 899, 905 (7th Cir. 2012); *see also United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009) (noting that "'downward departures,' per se," had become obsolete, and that arguments related to guideline departures should be analyzed in the context of the § 3553(a) factors). The Court's duty is to properly calculate the guideline range and then come up with a reasonable sentence under § 3553(a). *See United States v. Munoz*, 610 F.3d 989, 994 (7th Cir. 2010).

The Defendant does not dispute that he qualifies as a career offender and that probation officer correctly calculated his Guideline range as 292 to 365 months of imprisonment. However, the Defendant asked the Court to impose a sentence below the advisory Guideline range. In imposing a sentence, § 3553(a) requires a court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
> (3) the kinds of sentences available;
> (4) the advisory guideline range;
> (5) any pertinent policy statements issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, a court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. In making this determination, a district court may not presume that the guideline sentence is the correct one.

3

*Rita v. United States*, 551 U.S. 338, 351 (2007).

In this case, the nature and circumstances of the offense is serious. The Defendant dealt significant quantities of methamphetamine and cocaine, as well as crack cocaine, heroin, and marijuana. He dealt directly with a major supplier of a large conspiracy. The Defendant possessed various firearms, including a revolver, sawed-off shotgun, and pistols with a silencer or missing serial number. Numerous weapons were loaded when police recovered them.

The history and characteristics of the Defendant likewise warrant a sentence that is sufficiently serious to promote respect for the law and to protect the public from further crimes of the Defendant. In 1985, the Defendant was convicted in the Southern District of Ohio of distributing cocaine within 1,000 feet of a school and with possessing cocaine with intent to distribute. He was sentenced 7 years imprisonment, and after initially being paroled in 1988, he was sent back to prison after having his parole revoked twice. The second parole revocation was based on the Defendant's drug distribution in his second case. In 1993, the Defendant was convicted of possessing cocaine with the intent to distribute and with possessing a firearm during and in relation to a drug trafficking offense in the District of New Jersey, receiving a total sentence of 140 months. Upon his release in 2003, the Defendant again began dealing drugs, and by late 2005 or early 2006, was making trips from Ohio to Fort Wayne to obtain kilogram quantities of cocaine for distribution. He was on supervised release at the time. The Defendant was 63 years old when he was arrested in 2011.

General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will increase the need for punishment with each recurrence. The Guidelines take this factor, as well as the seriousness of the current offense, into account.

However, the Court also notes that the Guideline calculation is impacted significantly by a thirty year old drug conviction. This 1985 conviction counts for criminal history purposes because the Defendant served a term of imprisonment on the 1993 conviction before serving the revoked portion of his 1985 sentence of imprisonment. Thus, he was incarcerated for the 1985 conviction during the fifteen-year period before the commencement of his instance offense. U.S.S.G. § 4A1.2(e). While the drug conviction should carry some weight, as it shows there is a need for both specific and general deterrence and demonstrates the Defendant's utter disregard for our society's laws, its import is somewhat exaggerated. The Court will adjust the Defendant's sentence accordingly.

Other aspects of the Defendant's history and characteristics suggest that the Guideline range overstates the need to protect the public from the Defendant's future crimes. On one hand, the Defendant has not shown any willingness to rehabilitate himself, and has an above average tendency to criminal activity in relation to his age. However, he is now 67 years old and suffers from seizures and high blood pressure. If he served a term of imprisonment at the low end of the Guideline range, he would be in his mid-80's when he was released. There is no reason to believe his health will improve during his time of incarceration. Moreover, by the time he is released from a lengthy prison sentence, his previous drug trafficking connections will have presumably dried up. The Guideline range does not take into account either the Defendant's age or his health problems. The individual circumstances of this case support a below Guideline sentence, as 292 months is greater than necessary to protect the public from further crimes of the Defendant.

In sum, the Court finds, upon consideration of the nature and circumstances of the offense, the history and characteristics of the Defendant, and the kinds of sentences available,

that a sentence below the advisory Guideline range of 292 to 365 months is sufficient but not greater than necessary to satisfy the purposes of sentencing. This determination is based on the evidence in the record thus far, and on the factors highlighted by the Defendant and the Government. The Court has not yet heard from the Defendant, and he may wish to make a statement on his own behalf in mitigation of punishment. Indeed, he is entitled to make such a statement. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). Therefore, the Court reserves a determination of the appropriate term of imprisonment until after the Defendant has had an opportunity to address the Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's request for a variance, but WITHHOLDS determining the sentence to impose until the time of the sentencing hearing and after providing the Defendant an opportunity to address the Court. The Court GRANTS the Defendant's Motion to Withdraw Remaining Objections Noted In Addendum to Presentence Investigation Report [ECF No. 442].

SO ORDERED on March 19, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT